Matter of Spring (Syracuse City Sch. Dist.--Commissioner of Labor) (2023 NY Slip Op 02161)

Matter of Spring (Syracuse City Sch. Dist.--Commissioner of Labor)

2023 NY Slip Op 02161

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535729
[*1]In the Matter of the Claim of Michael Spring, Appellant. Syracuse City School District, Respondent. Commissioner of Labor, Respondent.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Michael Spring, Fabius, appellant pro se.
Ferrara Fiorenza PC, East Syracuse (Charles C. Spagnoli of counsel), for Syracuse City School District, respondent.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant worked as a full-time teaching assistant for a school district and also worked part time at an after-school program. After being laid off from his part-time position in March 2020 due to the COVID-19 pandemic, claimant filed a claim for unemployment insurance benefits. Based upon claimant's weekly certification that he worked zero days between March 30, 2020 and June 14, 2020, he received unemployment insurance benefits for that period, as well as federal pandemic unemployment compensation paid under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9023).
Thereafter, the Department of Labor, in three separate determinations, found that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed given that he continued to work at and receive his full salary from the school district during the relevant time period, charged him with a recoverable overpayment of the state and federal benefits received and imposed a monetary penalty and forfeiture of future benefit days based upon a finding that he made willful false statements to obtain those benefits. Following a hearing, an Administrative Law Judge upheld the initial determinations. By decision filed December 24, 2021, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge, and this appeal ensued.
We affirm. There is no dispute that claimant continued to work at his full-time position as a teaching assistant and received his regular salary during the period at issue and, therefore, the Board's decision that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed is supported by substantial evidence (see Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; Matter of Nottage [Commissioner of Labor], 204 AD3d 1213, 1214 [3d Dept 2022]). Notwithstanding claimant's contention to the contrary, given that he was receiving his full-time salary during the relevant period and was ineligible for unemployment insurance benefits, claimant was also not eligible for federal pandemic assistance under the CARES Act (see Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; Matter of Kozklowski [Commissioner of Labor], 211 AD3d 1275, 1276 [3d Dept 2022]; see also 15 USC § 9023 [b] [1]).
With regard to the imposition of a recoverable overpayment of benefits, the provisions of Labor Law § 597 (4) provide that, where a claimant makes a false statement or representation and willfully conceals a pertinent fact in connection with his or her claim for unemployment insurance benefits, even if the misrepresentation was unintentional[*2], the benefits paid to the claimant are recoverable (see Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 [3d Dept 2022]; Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1369-1370 [3d Dept 2020]). As claimant did not disclose his continued full-time employment when certifying for benefits, there is no basis to disturb the Board's finding that the benefits paid to claimant were recoverable and that he made willful false statements warranting the imposition of a monetary penalty and forfeiture of future benefit days (see Matter of Arrigo [Commissioner of Labor], 211 AD3d at 1288;Labor Law §§ 594; 597 [4] ). The federal pandemic unemployment compensation received by claimant was also recoverable (see 15 USC § 9023 [f] [2]). We have reviewed and are unpersuaded by claimant's remaining contentions.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.